Daniel P. Buckley
Buckley Law Office, P.C.
125 West Mendenhall, Suite 201
Bozeman, Montana 59715
406-587-3346
dbuckley@danbuckleylaw.com

Attorney for Plaintiffs

**FILED**

**OCT 1 4 2011**

PATRICK E. DUFFY, CLE~
By_____
DEPUTY CLERK, HELENA

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MARK TEMPLIN; MARION TEMPLIN; KAREN CHILCOAT; and, DONNA PATTERSON; <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA; RANDY SIBBITT, M.D; and, MONTANA INTERVENTIONAL AND DIAGNOSTIC RADIOLOGY SPECIALISTS, PLLC; <br><br> Defendants. | Cause No. CV- 11- 59- H- DWM <br><br> **COMPLAINT AND REQUEST FOR JURY TRIAL** |

Plaintiffs, by their undersigned counsel of record, for their claims for relief, do hereby

allege as follows:

**PARTIES**

1.  At all times relevant hereto, Plaintiff Mark Templin was a citizen of Montana, and

primarily resided in Winston, Montana.

2.  At all times relevant hereto, Plaintiff Marion Templin, the wife of Mark Templin, was a

citizen of Montana, and primarily resided in Winston, Montana.

3.   At all times relevant hereto, Plaintiff Karen Chilcoat, the daughter of Mark Templin, was a citizen of Montana, and primarily resided in Missoula, Montana.

4.   At all times relevant hereto, Plaintiff Donna Patterson, the daughter of Mark Templin, was a citizen of Nevada, and primarily resided in Henderson, Nevada. Ms. Patterson is now a citizen of Texas.

5.   The claims against Defendant United States of America arise from the Government's conduct in providing health care services at the Veterans Administration Medical Center, Fort Harris, Montana. The negligent acts and omissions that are the subject of this action were, in part, committed by the Government's agents and employees while acting within the course and scope of their employment.

6.   At all times relevant herein, Defendant Randy Sibbitt, M.D., was a citizen of Montana, was a radiologist employed by Montana Interventional and Diagnostic Radiology Specialists, PLLC, and was a partner in the same, located in and doing business in Lewis and Clark County, Montana, and on belief primarily resided in Helena, Montana.

7.   At all times relevant hereto, Defendant Montana Interventional and Diagnostic Radiology Specialists, PLLC, was a citizen of Montana, was located in and doing business in Helena, Montana, and was the employer of Defendant Randy Sibbitt, M.D., while he was acting within the scope and course of that employment. As such, Defendant Montana Interventional and Diagnostic Radiology Specialists, PLLC, is legally responsible for all such acts, errors, and omissions of Defendant Randy Sibbitt under the doctrine of *respondeat superior* (vicarious liability) and/or partnership liability. On information and belief, Defendant Montana Interventional and Diagnostic Radiology Specialists, PLLC, was an independent contractor to the Department of Veterans Affairs.

## JURISDICTION

8. The jurisdiction of this Court is evoked pursuant to 28 U.S.C § 1346(b), 2671, *et seq.*, more commonly known as the Federal Court Claims Act, in that agents and employees of the federal government, acting within the scope of their employment, committed negligent acts as hereinafter more specifically alleged.  This court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b), 2671, *et seq.*

9. This Court has and should exercise its jurisdiction over Defendant Randy Sibbitt, M.D., and Montana Interventional and Diagnostic Radiology Specialists, PLLC, under the doctrines of supplemental, pendent and/or, alternatively, ancillary jurisdiction pursuant to 28 U.S.C. § 1367 given that the acts, errors, and omissions complained of were so intertwined, derived from a common nucleus of facts, and took place in a continuum such that there is a substantial relation and nexus among them which creates an indivisibility of harm to the Plaintiffs.

10. Plaintiffs filed an administrative claim on April 12, 2010 for relief with the appropriate Federal agency in a timely manner under the Federal Tort Claims Act, 28 U.S.C § 2675(a).  On May 6, 2011, Plaintiff's counsel received correspondence from the Department of Veterans Affairs denying the claim; and, as such, this tort claim is timely brought pursuant to 28 U.S.C § 2401(b).

## VENUE

11. All of the events, errors, omissions and occurrences, which give rise to this lawsuit, took place and were committed in Lewis and Clark County, Montana.  Therefore, venue of this action is appropriate in the Helena Division pursuant to Local Rule 1.11 (a)(2) and (a)(2)(A)(i).

3

**NATURE OF THE CASE**

12.   Mr. Templin was diagnosed with terminal brain cancer by CT as read and interpreted by
Dr. Randy Sibbitt. Dr. Patrick Morrow, United States employee, who was the treating
physician for Mark Templin, failed to recognize and appreciate that the symptoms
experienced by Mr. Templin were more consistent with stroke activity rather than
metastatic tumors in the brain; failed to recognize and appreciate that a CT was not the
most reliable imaging study for diagnosing metastatic brain tumors; affirmatively showed
the purported brain tumors on the CT scan to the family of Mark Templin; failed to discuss
differential diagnoses with Mr. Templin and his family; and, further, failed to recommend
follow up MRI diagnostic imaging (which is a more reliable imaging study for diagnosing
brain tumors).

13.   As a consequence, Mr. Templin and his family believed and lived with the understanding
that he had terminal brain cancer. This directly led to Mr. Templin and his family
preparing for his impending death, including but not limited to, arranging for Hospice care,
making arrangements to cease any further work activities, arranging for his funeral
services, selling and marketing assets, and suffering severe and serious emotional distress
as a result thereof. Mr. Templin and his family suffered injuries and damages including,
without limitation, further unnecessary medical care, out-of-pocket expenses, emotional
distress (including serious or severe emotional distress), anguish, grief and anger, and other
special and general damages.

14.   It was determined by July 2009 that Plaintiff Mark Templin did not have terminal brain
cancer, but, rather, had suffered from stroke activity that was resolving.

15.   The negligence of the named physicians and entities herein was a substantial factor and

4

cause in bringing about these injuries and damages.

## FACTS SUPPORTING CLAIMS FOR RELIEF

## AND ALLEGATIONS OF NEGLIGENCE AND NEGLIGENT INFLICTION OF

## EMOTIONAL DISTRESS

16. On January 28, 2009, Marcel Templin, presented at the Veteran's Administration Medical Center, located in Fort Harrison, Montana, with significant chest pain. Following a history, and diagnostic work up, it was determined that Mr. Templin was suffering from acute inferior wall myocardial infarction. On January 29, 2009, Mr. Templin underwent cardiac catheterization with stent placement. Mr. Templin was thereafter cared for and attended to in the ICU. Mr. Templin had a good clinical outcome from the stent placement.

17. On February 4, 2009, Mr. Templin had acute onset of right lateral visual field loss, word recall difficulty, memory deficiencies, speech difficulties, unsteady gait and a reported headache. The attending physician for Mr. Templin, Dr. Patrick Morrow, an internist, requested an ophthalmology consultation. Mr. Templin was referred to an ophthalmologist consult on February 4, 2009. The ophthalmology consult report showed left "temporal lobe infarct", and recommended a CT scan to "work up for sources of possible embolus."

18. A CT scan, without contrast, was then ordered and undertaken on February 4, 2009.

19. Dr. Dennis Palmer (a partner of Dr. Sibbitt) is identified on the CT report as the radiologist who interpreted the scan, and who electronically signed the report. However, based on information provided by Drs. Sibbitt and Palmer, Dr. Randy Sibbitt is the radiologist who in fact interpreted the CT scan and a staff technician input the electronic signature of Dr. Palmer by error. Based on this information provided by Drs. Sibbitt and Palmer, Plaintiffs have not named Dr. Palmer in this suit; but, reserve the right to seek leave to amend the suit

5

1   should discovery show otherwise.

2   20.   The reported impression of the CT scan was, "Probable metastatic tumor to brain. The only

3         other consideration would be cerebritis with abscesses."

4   21.   Dr. Morrow reviewed these findings with Mr. Templin, Marion Templin (Mr. Templin's

5         wife), and Donna Patterson (Mr. Templin's daughter).  Mr. Templin was advised that he

6         had terminal brain cancer, with a life expectancy of 2 to 6 months (and, later, the family

7
8         was advised that 2 weeks might be a more realistic prognosis).  Mr. Templin was advised

9         to get his affairs in order.  There was not a discussion or indication of any differential

10        diagnosis, which would explain the right visual field deficiency, word recall difficulties,

11
          memory deficiencies, speech difficulties, altered gait and a headache.  There was no further
12
13        discussion regarding follow up diagnostic studies other than, per the chart notes of Dr.

14        Morrow, for the purpose of cancer treatment.  Mr. Templin did not want to undergo

15        treatments for the purported cancer and, thus, prepared for his demise.

16
    22.   Mr. Templin was discharged on that date, February 4, 2009.  Dr. Morrow contacted social
17
18        services to arrange for Hospice services following discharge.

19  23.   Thereafter, Mr. Templin and his family prepared for his anticipated death, including but not

20        limited to:

21
             a.   Allowing Hospice care into his home;
22
23           b.   Arranging for his funeral, including preparations for the service;

24           c.   Terminating his work obligations;

25           d.   Advising the his immediate family, including his children, of his terminal

26                condition, who then flew in from all over the country and overseas;

27
             e.   Selling his pickup truck;
28

6

f.   Placing the family home on the market for sale; and

g.   Enduring the mental and emotional distress in preparation for his anticipated

death.

24.   After Mr. Templin's discharge on February 4, 2009, he had several follow-up visits,

including March 2, 2009, April 1, 2009, and July 1, 2009, all of which showed stability if

not improving conditions. On July 1, 2009, a follow-up CT scan was ordered. On July 2,

2009, the CT scan of the head was undertaken with the following findings, "Three lesions

which appeared to be involution of normal brain tissue secondary to infarcts in the

posterior circulation. An embolus to the posterior circulation would appear to be the

etiology." Mr. Templin and his family were advised 2 days later that he did not have brain

cancer, and the interpretation of the CT scan taken on February 4, 2009, was in error.

Subsequent follow up imaging studies, in October and December 2009, further

demonstrated stroke activity as the etiology of Mr. Templin's February symptoms, without

evidence of brain lesions or metastatic disease.

25.   In providing medical services to Mr. Templin, Defendant Randy Sibbitt, M.D., was

negligent, and provided such care and services below the acceptable standards of medical

care, including, without limitation, the following:

a.   Failing to recognize and detect that the CT scan of February 4, 2009,

demonstrated stroke activity, and that a CT was not the most reliable imaging

study for diagnosing metastatic brain tumors;

b.   Failing to take into account the acute onset of symptoms as indicative of stroke

activity as the more probable differential diagnosis, rather than metastatic disease;

and,

     c.   Failing to recognize that the CT scan did not demonstrate abnormal enhancements suggestive of a tumor process and/or metastatic disease.

26.  Defendant Montana Interventional and Diagnostic Radiologist Specialists, PLLC, is the employer of Defendant Randy Sibbitt, M.D., and he is a partner in the same, and, as such, Defendant Montana Interventional and Diagnostic Radiologist Specialists, PLLC, is liable for the acts, errors, and omissions of Defendant Randy Sibbitt under the doctrine of *respondeat superior* (vicarious liability) and/or partnership liability.

27.  In providing medical services to Mr. Templin, Defendant United States, through the acts, errors and omissions of its employees, was negligent and provided such care and services below the acceptable standards of medical care, including, without limitation, the following:

     a.   Failing to recognize and appreciate that the symptoms experienced by Plaintiff Mark Templin were more consistent with stroke activity rather than metastatic tumors in the brain, and failing to recognize and appreciate that a CT was not the most reliable imaging study for diagnosing metastatic brain tumors;

     b.   Reporting to Mr. Templin a definitive diagnosis of metastatic tumors in the brain, even though the actual impression noted on the CT Scan report states "probable" tumor, and failing to discuss differential diagnoses;

     c.   Showing and reporting the brain tumors on the CT scan to the family of Plaintiff Mark Templin, and thereby committing the same errors as indicated above in regard to the radiology interpretation of the CT scan; and,

     d.   Failing to recommend and advise Plaintiff Mark Templin to undergo a MRI of the brain to further diagnose and/or rule out metastatic brain tumors.

28.  Plaintiffs Marion Templin, Karen Chilcoat, and Donna Patterson all suffered serious and severe emotional distress, as well as economic losses, as a result and cause of the negligence complained of herein.  The acts, omissions and errors complained of herein constitute negligent infliction of emotional distress to each of these Plaintiffs, and were substantial factors in bringing about the losses and damages, all in amount to be proven at trial.

29.  Plaintiff Mark Templin suffered damages as result and cause of the negligence complained of herein.  The acts, omissions and errors complained of herein were a substantial factor to the losses, injuries and damages to Plaintiff Mark Templin, all in an amount to be proven at trial.

WHEREFORE, Plaintiffs respectfully pray for judgment jointly and severally against Defendants as follows:

1.  For all actual and compensatory damages;

2.  For costs and expenses of suit as are allowed by applicable law;

3.  For prejudgment interest on all items so calculable under applicable law;

4.  For such further and additional relief which this Court deems just and proper.

DATED this _13_ day of October, 2011.

BUCKLEY LAW OFFICE

By: _____
Daniel P. Buckley
Attorney for Plaintiffs

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues so triable against both the governmental and private Defendants under applicable federal and/or state law.

By: _____
Daniel P. Buckley
Attorney for Plaintiffs